UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: MICHAELS STORES, INC., FAIR CREDIT
REPORTING ACT (FCRA) LITIGATION                         MDL No. 2615


TRANSFER ORDER


**Before the Panel:** Plaintiff in a Northern District of Texas action (*Castro*) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Texas.[1] Defendant Michaels Stores, Inc. (Michaels Stores) does not oppose centralization in the Northern District of Texas. Plaintiffs in the District of New Jersey action initially opposed centralization, but at oral argument plaintiffs announced that they do not oppose centralization in the District of New Jersey. This litigation consists of three putative nationwide class actions pending in the Western District of Missouri, the District of New Jersey, and the Northern District of Texas, as listed on Schedule A.[2]

After considering the argument of counsel, we find that the actions in this litigation involve common questions of fact, and that centralization in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs completed an online application for employment with defendant Michaels Stores. These putative nationwide class actions share factual questions about whether Michaels Stores failed to properly disclose to plaintiffs that their credit reports would be accessed in connection with their employment application, as required by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and similar state laws. Centralization will eliminate duplicative discovery on potentially complex factual inquiries such as the willfulness of defendant's conduct; avoid inconsistent pretrial rulings, particularly on class certification; and conserve the resources of the parties, their counsel and the judiciary.

While no party opposes centralization, they disagree on selection of the transferee forum. Given that defendant Michaels Stores has a nationwide presence and the plaintiffs hale from numerous states, either of the suggested transferee districts could be a suitable forum for this litigation. On balance, we are persuaded that the District of New Jersey is the appropriate transferee district. The District of New Jersey is where the first-filed action in this litigation is pending before

---

[1] The initial moving plaintiff, Michele Castro, reportedly accepted an offer of judgment; plaintiff Castro was substituted with Northern District of Texas plaintiff Janice Bercut on March 17, 2014.

[2] The parties have notified the Panel of two related putative class actions; these actions, and any other related action, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

-2-

Judge Kevin McNulty.  Further, this district offers a readily accessible and convenient transferee forum.  We are confident that Judge McNulty will steer this controversy on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside of the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Kevin McNulty for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: MICHAELS STORES, INC., FAIR CREDIT
REPORTING ACT (FCRA) LITIGATION**                               MDL No. 2615

## SCHEDULE A

<u>Western District of Missouri</u>

BURNSIDE v. MICHAELS STORES, INC., C.A. No. 6:15-3010

<u>District of New Jersey</u>

GRAHAM v. MICHAELS STORES, INC., C.A. No. 2:14-7563

<u>Northern District of Texas</u>

CASTRO v. MICHAELS STORES, INC., C.A. No. 3:15-276